Case 0:20-cv-60797-RKA Document 1 Entered on FLSD Docket 04/17/2020 Page 1 of 16

AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

PROVIDED TO SANTA ROSA C.I. ON APR 13 2020 FOR MAILING BY [initials]

| United States District Court | District: Southern |
|---|---|
| Name (under which you were convicted): Orlando Castillo | Docket or Case No.: T.B.A |
| Place of Confinement: Santa Rosa CI Annex | Prisoner No.: M05968 |

Petitioner (include the name under which you were convicted): Orlando Castillo

v.

Respondent (authorized person having custody of petitioner): Mark Inch, FDOC Secretary

The Attorney General of the State of: Ashley Moody

FILED BY COS D.C.
APR 17 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Seventeenth Judicial Circuit Court in Broward County, Florida

   (b) Criminal docket or case number (if you know): 13-874CF10A

2. (a) Date of the judgment of conviction (if you know): April 2, 2015
   (b) Date of sentencing: May 28, 2015

3. Length of sentence: Life Sentence

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Sexual Battery on a Child and Lewd or Lascivious exhibition

6. (a) What was your plea? (Check one)
   ☑ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty        ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____NA or Not Applicable_____

_____

_____

    (c) If you went to trial, what kind of trial did you have? (Check one)

        ☑ Jury     ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

        ☑ Yes     ☐ No

8.    Did you appeal from the judgment of conviction?

        ☑ Yes     ☐ No

9.    If you did appeal, answer the following:

    (a) Name of court: __Fourth District Court of Appeals__

    (b) Docket or case number (if you know): __4D15-2486__

    (c) Result: __Per curiam affirmed__

    (d) Date of result (if you know): __October 13, 2017__

    (e) Citation to the case (if you know): __Castillo v. State, 228 So. 3d 568 (Fla. 4 DCA 2017)__

    (f) Grounds raised: __Fundamental error by the Court__

_____

_____

_____

_____

    (g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No

        If yes, answer the following:

        (1) Name of court: __N/A__

        (2) Docket or case number (if you know): __N/A__

        (3) Result: __N/A__

AO 241 (Rev. 09/17)

   (4) Date of result (if you know): N/A

   (5) Citation to the case (if you know): N/A

   (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

   If yes, answer the following:

   (1) Docket or case number (if you know): N/A

   (2) Result: N/A

   (3) Date of result (if you know): N/A

   (4) Citation to the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court: Seventeenth Judicial Circuit Court, Broward, FL
   (2) Docket or case number (if you know): 13-874CF10A
   (3) Date of filing (if you know): April 10, 2018
   (4) Nature of the proceeding: Motion for Post Conviction Relief 3.850
   (5) Grounds raised: Various Claims of Ineffective Assistance of Counsel

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
    ☐ Yes  ☒ No
   (7) Result: Denied

(8) Date of result (if you know): July 30, 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fourth DCA

(2) Docket or case number (if you know): 4D19-1882

(3) Date of filing (if you know): July 14, 2019

(4) Nature of the proceeding: Petition Seeking Belated Appeal 9.141(c)

(5) Grounds raised: Notice of Appeal was lost in Mail

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes   ☒ No

(7) Result: Granted

(8) Date of result (if you know): September 12, 2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Fourth DCA

(2) Docket or case number (if you know): 4D19-1882

(3) Date of filing (if you know): 12/4/19

(4) Nature of the proceeding: Direct Review of M.P.C.R. 3.850

(5) Grounds raised: Various claims of I.A.C. that Court erred in summarily denying

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes  ☑ No

(7) Result: Per curiam affirmed

(8) Date of result (if you know): 3/27/20

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☑ Yes  ☐ No
(2) Second petition: ☑ Yes  ☐ No
(3) Third petition:  ☑ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
Appealed to the highest court allowed by Florida Law

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Counsel rendered I.A.C. by failing to make a contemporaneous objection and move for mistrial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
It became evident during cross-examination of the victim (child) by defense counsel that she had been coached as to what responses were acceptable and how to answer questions by defense. The victim testified that she lied during the prior defense deposition because she was scared and nervous. The victim said she practiced alot with the prosecutor and advocate. When she gave a wrong answer they corrected it.

(b) If you did not exhaust your state remedies on Ground One, explain why: Appealed to the highest Appellate Court allowed in Florida - completely exhausted for purposes of federal review

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This claim is an I.A.C claim and can only be raised on a Rule 3.850 M.P.C.R in Florida

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Rule 3.850 M.P.C.R.

Name and location of the court where the motion or petition was filed: Seventeenth Judicial Circuit Court in Broward County, Florida

Docket or case number (if you know): 13-874CF10A

Date of the court's decision: July 30, 2018

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fourth DCA

Docket or case number (if you know): 19-2441

Date of the court's decision: March 27, 2020

Result (attach a copy of the court's opinion or order, if available): per curiam affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Completely exhausted_

**GROUND TWO:** _Counsel rendered I.A.C. by failing to object to a discovery violation and failing to request a Richardson hearing_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Counsel failed to request a Richardson Hearing and properly object once he learned that the prosecutor and witness had a pretrial meeting that was not disclosed to him. Such a meeting must be disclosed to opposing counsel. This is a discovery violation and requires an objection to receive appellate review_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _Completely exhausted for federal review_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: _This claim is an I.A.C. argument that must be raised in a Rule 3.850 M.P.C.R. in Florida and not on direct review_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Rule 3.850 M.P.C.R._

Name and location of the court where the motion or petition was filed: _Seventeenth Judicial Circuit in Broward County, FL_

Docket or case number (if you know): _13-824-CF10A_

AO 241 (Rev. 09/17)

Date of the court's decision: 6/30/18

Result (attach a copy of the court's opinion or order, if available): Not available

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fourth DCA

Docket or case number (if you know): 19-2841

Date of the court's decision: March 27, 2020

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: No other remedies but the correct ones

**GROUND THREE:** Counsel rendered I.A.C. by failing to object to the introduction of 911 call concerning hearsay

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Seargant Watkins testified that he received a police radio dispatch that a family member had received a phone call from petitioner advising that he was riding around and suicidal

(b) If you did not exhaust your state remedies on Ground Three, explain why: Completely exhausted

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: I.A.C claim must be raised on Rule 3.850

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: Rule 3.850 M.P.C.R
Name and location of the court where the motion or petition was filed: Seventeenth Judicial Circuit in Broward County, FL
Docket or case number (if you know): 13-974CF10A
Date of the court's decision: July 30, 2019
Result (attach a copy of the court's opinion or order, if available): Not Available

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: Fourth DCA

Docket or case number (if you know): 4D19-2941
Date of the court's decision: March 27, 2020
Result (attach a copy of the court's opinion or order, if available): Not available

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **This issue was raised and exhausted**

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: **No**

**GROUND FOUR:** Counsel rendered I.A.C. by failing to object to the testimony of State Expert Ms. Chenets being outside her expertise

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **Ms. Chenet's testimony went outside of her expertise and counsel failed to object — failing to preserve issue for appeal.**

(b) If you did not exhaust your state remedies on Ground Four, explain why: **The legal assistant chose to leave this one out —**

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: **This is a claim of I.A.C. that must be raised on a Rule 3.850 M.P.C.R**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _Ground Four_

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _Yes, Ground Four the inmate legal assistant left this one out - I wanted it in and did not know how to do law work_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N/A_

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Public Defender's Office**

(b) At arraignment and plea: **Public Defender's Office**

(c) At trial: **Alex F. Arreaza**

(d) At sentencing: **Alex F. Arreaza**

(e) On appeal: **Public Defender**

(f) In any post-conviction proceeding: **Pro-se**

(g) On appeal from any ruling against you in a post-conviction proceeding: **Pro-se**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Mandate on Direct Appeal issued October 13, 2017. Rule 3.850 filed August 6, 2018 and time remained tolled up into March 27, 2020 when the Mandate was issued for Rule 3.850 Appeal/Rehearing thus this petition is timely. The Petitioner is actually innocent of all charges thus, these claims

must be ruled on their merits to prevent a fundamental miscarriage of justice. See, Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649-50, 91 L. Ed 2d 397 (1985) The U.S. Supreme Court said "where a constitutional violation has probably resulted in the conviction of one who is actually innocent a federal habeas court may grant the writ, even in the absence of a showing of cause for procedural default."

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _issue the writ; new trial; vacate conviction and sentence — immediate release from illegal detention or at the very least grant an evidentiary hearing_

or any other relief to which petitioner may be entitled.

                     N/A
                 Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __4/13/20__ (month, date, year).

Executed (signed) on __4/13/20__ (date).

                     Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. __N/A__

Page 16 of 16

Orlando Castillo #M05908 /C4
Santa Rosa Correctional Institution Annex
5850 East Milton Road
Milton, FL 32583

MAILED FROM CORRECTIONAL INSTITUTION

United States District Court
701 Clematis St, Room 402
West Palm Beach, FL 33401

Attn: Clerk of Court
New Case